UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| ALPHONSO SMITH, | § | |
| TDCJ # 01952701, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 3:16-CV-174 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Alphonso Smith, who proceeds *pro se*, is incarcerated in the Texas Department of Criminal Justice–Correctional Institutions Division ("TDCJ"). Smith has filed a petition for a writ of habeas corpus (Dkt. 1) seeking relief from a state court conviction. Respondent Lorie Davis filed an answer (Dkt. 11) and a copy of the state court records (Dkt. 12, Dkt. 13). Petitioner filed a response (Dkt. 29). Petitioner also has filed a request for an evidentiary hearing (Dkt. 28) and numerous documents in support of his petition (Dkt. 30; Dkt. 31; Dkt. 32; Dkt. 38; Dkt. 39). Having now considered the petition, the briefing, all matters of record, and the applicable legal authorities, the Court determines that the petition should be **dismissed**.

## I. BACKGROUND

### A. Procedural Background

Smith was convicted of evading arrest in 2014. He was tried before a jury in the 239th District Court of Brazoria County, Texas, Hon. Patrick Sebasta presiding, Cause

No. 71088 (Dkt. 12-1, at 125-26).[1]  On August 21, 2014, the jury sentenced him to thirteen years in TDCJ (*id.*).

Smith appealed to the First Court of Appeals, which affirmed on July 2, 2015. *Smith v. State*, No. 01-14-00727-CR, 2015 WL 4043021 (Tex. App.–Hou. [1st Dist.], July 2, 2015); *see* Dkt. 13-1.  Smith did not file a petition for discretionary review with the Texas Court of Criminal Appeals (Dkt. 13-7).

On February 29, 2016, Smith filed a *pro se* application for state habeas relief (WR-24,130-02),[2] raising six claims of ineffective assistance of trial counsel (Dkt. 13-11, at 8-25).  On March 16, 2016, the trial court entered findings recommending that habeas relief be denied (*id.* at 82).  On April 20, 2016, the Texas Court of Criminal Appeals denied relief without written order on the trial court's findings (Dkt. 13-10).

On March 10, 2016, while his state habeas application was pending, Smith filed another *pro se* habeas application (WR-24,130-03) challenging the same conviction (Dkt. 13-13, at 7-26).   In addition to the six claims of ineffective assistance of counsel raised in WR-24,130-02, Smith raised two additional ineffective assistance claims.  On April 6, 2016, the trial court entered findings recommending that habeas relief be denied (*id.* at 71).  On May 18, 2016, the Texas Court of Criminal Appeals denied relief without written order (Dkt. 13-12).

On April 4, 2016, Smith filed a *pro se* state habeas application (WR-24,130-04)

---

[1]    Throughout this Memorandum, the Court's citations to specific pages in the record refer to the pagination of docket entries on the Court's electronic case filing ("ECF") system.

[2]    In 1992, Smith had filed an unrelated state habeas application (WR-24,130-01) (Dkt. 13-8, Dkt. 13-9).

challenging a 1983 robbery conviction in Brazoria County, Cause No. 14,608, for which probation had been revoked in 1989 (Dkt. 13-15, at 18-35). On April 13, 2016, the trial court entered findings recommending denial of habeas relief (Dkt. 13-16, at 42). The Texas Court of Criminal Appeals dismissed the petition on May 25, 2016, stating "sentence discharged" (Dkt. 13-14).

On June 30, 2016, Petitioner executed a *pro se* petition for a writ of habeas corpus (Dkt. 1) in these proceedings.

### B.      Factual Background

On August 19, 2014, Petitioner was found guilty of evading arrest. The appellate court summarized the facts as follows:

> On July 5, 2013, Officer N. Ross, of the Freeport Police Department, was on patrol. While driving, he saw a car making a left-hand turn at an intersection with a stop sign. The car did not come to a complete stop. Officer Ross made eye contact with the person in the car as the person drove through the intersection. Officer Ross turned around on the street and began to follow the car. The driver began speeding, and Officer Ross pursued. Eventually, the driver crashed. Appellant got out of the car, and Officer Ross arrested him.

> Before trial, the State amended its indictment against Appellant to include an enhancement paragraph, alleging Appellant had previously been convicted of aggravated robbery. Appellant filed a motion to quash the enhancement paragraph, alleging that the prior conviction was void. After a hearing a[t] trial, the trial court denied the motion.

> During the guilt-innocence phase of the trial, the prosecutor asked Officer Ross if he saw "the individual ... in that vehicle that night." Officer Ross testified that he made eye contact with him. Later the prosecutor asked Officer Ross if the "individual who got out of that car that evening" was in the courtroom. Officer Ross said yes, identifying Appellant.

> Before trial, the trial court determined that Appellant was indigent. Following trial, the trial court rendered a judgment of conviction against

Appellant. The judgment of conviction assessed attorney's fees against Appellant. The trial court also appointed appellate counsel, due to Appellant's indigence.

(Dkt. 13-1, at 2-3).

Before trial, the State had given notice of an enhancement allegation based on Smith's 1991 conviction for aggravated robbery (enhanced), Cause No. 22,623, 23rd District Court of Brazoria County (Dkt. 12-1, at 27-28, 67-68). Trial counsel moved to quash the enhancement paragraph (*id.* at 46-66, 69-71), arguing that the aggravated robbery conviction in Cause No. 22,623 was void because it had been enhanced by Smith's 1983 conviction for robbery in Cause No. 14,608, 23rd District Court of Brazoria County, which counsel also argued was void. Counsel's argument that the robbery conviction in Cause No. 14,608 was void was predicated on the fact that, at a proceeding to amend Smith's conditions of probation on March 26, 1987, Smith had not been afforded an attorney (*id.* at 46-47).

Before the punishment phase, outside of the jury's presence, the trial court heard argument on Smith's motion to quash the enhancement paragraph (Dkt. 12-6, at 102-110). Trial counsel argued that both prior convictions were void:

THE COURT: . . . . The defendant has filed a motion to quash the enhancement paragraph. And I'll hear arguments on it at this time and I'll—on the motion to quash, from the defense first.

[TRIAL COUNSEL]: Okay. Judge, under the case law that I have previously provided to the Court, . . . in Cause No. 14608, apparently Mr. Smith's probation terms and conditions were—was amended. At that time that the probation was amended, there was an order that was entered by the Judge and the probation officer. Mr. Smith was not present at that hearing; no attorney, no defendant.

I believe under that case law, the Court said there is an exception to whether or not you would—you waive that constitutional right. And the exception is that the defendant did not have the opportunity to object to the amending of that terms and conditions of probation.

Now, I believe that's what we had here. He was not present. Counsel was not present. So, therefore, we believe that that—that judgment and sentence is void. And subsequently, when Mr. Smith went to trial on the 22623, whatever that number is, the aggravated robbery, that same judgment was entered or—the judgment of conviction was entered to enhance punishment in that case. We believe that the judgment was void and because that—that 14608 was used for enhancement purposes in that lawsuit, then that made that judgment void—voidable as well because of what transpired in 14608.

We'd ask the Court to quash the enhancement count under Brooks notice in 226—well, the aggravated robbery, Judge, 22623.

THE COURT: All right.

(*id*. at 102-103). The prosecutor argued that the judgment in Cause No. 14,608 was valid and noted that Smith had counsel when his probation subsequently was revoked, even if he had not had counsel when the conditions of probation were amended (Dkt. 12-6, at 104). The prosecutor further argued that the aggravated robbery conviction in Cause No. 22,623 "itself is a valid judgment" that had "nothing to do with the amendment of the probation that occurred in 14608" (*id*. at 104). The trial court denied the motion to quash (*id*. at 107). *See id*. at 108 ("So, as far as punishment evidence is concerned, I will—I'm going to allow the testimony of the prior convictions assuming that they can be proven up").

The court then proceeded with the punishment phase. The jury sentenced Smith to thirteen years in TDCJ, and the court entered judgment on August 21, 2014 (Dkt. 12-1, at 125-26).

On direct appeal, Smith raised three claims, including a claim that his trial counsel had rendered constitutionally ineffective assistance when he failed to prove that the conviction supporting the enhancement was void. The appellate court overruled the issue, holding that Smith had not demonstrated prejudice under *Strickland v. Washington*, 466 U.S. 668 (1984), because he had not demonstrated that the conviction in Cause No. 14,608 was in fact void (Dkt. 13-1, at 11).

On state habeas review, Smith raised six claims of ineffective assistance of trial counsel in WR-24,130-02 (Dkt. 13-11, at 8-25), and two additional claims of ineffective assistance of trial counsel in WR-24,130-03 (Dkt. 13-13, at 7-26). In both habeas proceedings, the State argued in response to the application that, regardless of any infirmity in Smith's robbery conviction in Cause No. 14,608, the aggravated robbery conviction in Cause No. 22,623 was valid and admissible as an enhancement (Dkt. 13-11, at 33 (citing *Legg v. State*, 594 S.W.2d 429, 432-33 (Tex. Crim. App. 1980); Dkt. 13-13, at 32 (same)). The State further argued that, because admission of the prior conviction in Cause No. 22,623 was proper, trial counsel was not constitutionally ineffective in failing to quash the enhancement (Dkt. 13-11, at 33; Dkt. 13-13, at 32). After taking notice of the judicial filings in the prior proceedings, the trial court determined that the allegations in the State's answer were "correct" and recommended denial of relief on both applications (Dkt. 13-11, at 82; Dkt. 13-13, at 71). The court's findings for WR-24,130-03 additionally stated that "the principle of laches bar[red] the Applicant from obtaining relief for any error in cause no. 14,608, which is over 27 years old" (Dkt. 13-13, at 71).

The Texas Court of Criminal Appeals denied relief in both applications (Dkt. 13-10, Dkt. 13-12).

Smith's petition for federal habeas relief raises four claims of ineffective assistance of trial counsel (Dkt. 1).

## II. LEGAL STANDARDS

### A. *Pro Se* Pleadings

Federal courts do not hold *pro se* habeas petitions "to the same stringent and rigorous standards as . . . pleadings filed by lawyers." *Hernandez v. Thaler*, 630 F.3d 420, 426 (5th Cir. 2011) (internal quotation marks and citation omitted). "The filings of a federal habeas petitioner who is proceeding *pro se* are entitled to the benefit of liberal construction." *Id*.

### B. The Anti-Terrorism and Effective Death Penalty Act

This federal petition for habeas corpus relief is governed by the applicable provisions of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). *See Woodford v. Garceau*, 538 U.S. 202, 205-08 (2003); *Lindh v. Murphy*, 521 U.S. 320, 335-36 (1997). Under the AEDPA, federal habeas relief based upon claims that were adjudicated on the merits by the state courts cannot be granted unless the state court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Early v. Packer*, 537 U.S. 3, 7-8 (2002); *Cobb v. Thaler*, 682 F.3d 364, 372-73 (5th Cir. 2012).

Federal courts look to the "last reasoned opinion" as the state court's "decision." *Salts v. Epps*, 676 F.3d 468, 479 (5th Cir. 2012); *see Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018). "Where a state court's decision is unaccompanied by an explanation," and the lower courts did not issue a reasoned opinion, "the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Harrington v. Richter*, 526 U.S. 86, 98 (2011); *see Johnson v. Williams*, 568 U.S. 289, 293 (2013) (holding that there is a rebuttable presumption that the federal claim was adjudicated on the merits when the state court addresses some claims, but not others, in its opinion).

Review under the AEDPA is "highly deferential" to the state court's decision. *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam). To merit relief under AEDPA, a petitioner may not merely show legal error in the state court's "decision." *White v. Woodall*, 517 U.S. 415, 419 (2014) (stating being "merely wrong" or in "clear error" will not suffice federal relief under AEDPA). AEDPA review exists only to "guard against extreme malfunctions in the state criminal justice systems." *Woods v. Donald*, 135 S. Ct. 1372, 1376 (2015) (internal citation and quotation marks omitted). "[F]ocus[ing] on what a state court knew and did," *Cullen v. Pinholster*, 563 U.S. 170, 182 (2011), AEDPA requires inmates to "'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Woodall*, 572 U.S. at 419-20 (quoting *Richter*, 562 U.S. at 103). "If this standard is difficult to meet, that is because it was meant to be." *Richter*, 562 U.S. at 102.

For questions of law or mixed questions of law and fact adjudicated on the merits in state court, this Court may grant habeas relief under 28 U.S.C. § 2254(d)(1) only if the state court decision "was contrary to, or involved an unreasonable application of, clearly established" Supreme Court precedent. *See Kittelson v. Dretke*, 426 F.3d 306, 318 (5th Cir. 2005). Under the "contrary to" clause, this Court may afford habeas relief if the state court "reaches a legal conclusion in direct conflict with a prior decision of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." *Matamoros v. Stephens*, 783 F.3d 212, 215 (5th Cir. 2015) (internal quotation marks and citations omitted). To constitute an "unreasonable application" of clearly established federal law, the state court's determination "must be objectively unreasonable, not merely wrong; even clear error will not suffice." *Woods*, 135 S. Ct. at 1376 (internal citation and quotation marks omitted).

On factual issues, the AEDPA precludes federal habeas relief unless the state court's adjudication of the merits was based on an "unreasonable determination of the facts in light of the evidence presented in the state court proceeding." *See* 28 U.S.C. § 2254(d)(2); *Martinez v. Caldwell*, 644 F.3d 238, 241-42 (5th Cir. 2011).

III. **ANALYSIS**

Smith's federal petition brings four claims of ineffective assistance of counsel, alleging that trial counsel (1) failed to thoroughly investigate and present the information in the prosecution's file regarding Cause No. 14,608; (2) failed to adequately support and litigate the motion to quash the enhancement; (3) failed to file a motion for continuance; and (4) failed to subject the prosecution's case to meaningful adversarial testing.

Respondent does not argue that Smith's petition is time-barred or subject to the successor bar. However, Respondent argues that Smith's third and fourth claims are partially unexhausted and are procedurally defaulted (Dkt. 11, at 2 n.1, 5-9).

Under *Strickland v. Washington*, 466 U.S. 668 (1984), a criminal defendant claiming ineffective assistance of counsel must show that defense counsel rendered deficient performance and that the defendant was prejudiced:

> To demonstrate deficient performance, the defendant must show that, in light of the circumstances as they appeared at the time of the conduct, "counsel's representation fell below an objective standard of reasonableness" as measured by "prevailing professional norms." There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." . . . .

> To demonstrate prejudice under *Strickland*, [the defendant] must show that counsel's deficient performance was "so serious as to deprive him of a fair trial, a trial whose result is reliable." This requires the showing of a reasonable probability that but for counsel's deficiencies, the result of the proceeding would have been different.

*Rhoades v. Davis*, 852 F.3d 422, 431-32 (5th Cir. 2017) (quoting *Strickland*, 466 U.S. at 687-89, 694). *Strickland* defines a "reasonable probability" as "a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. This requires a "substantial, not just conceivable, likelihood of a different result." *Pinholster*, 563 U.S. at 189 (internal citation and quotation marks omitted). The petitioner's burden to show a "reasonable probability" of changed outcome is less than a preponderance:

> The question is not whether the defendant would more likely than not have received a different verdict . . . but whether in its absence he received a fair trial, understood as a trial resulting in a verdict worthy of confidence.

*Kyles v. Whitley*, 514 U.S. 419, 434 (1995); *see United States v. Dominguez Benitez*, 542 U.S. 74, 83 n. 9 (2004). The prejudice inquiry is focused on the "fairness of the trial and the reliability of the . . . verdict in light of any errors made by counsel, and not solely the outcome of the case." *White v. Thaler*, 610 F.3d 890, 912 (5th Cir. 2010) (internal citations and quotation marks omitted).

Review of counsel's performance is deferential, and counsel enjoy a strong presumption that their conduct is within the "wide range" of the bounds of professional norms. *Strickland*, 466 U.S. at 689. A petitioner's burden is to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. at 687. Any "strategic decisions" made by trial counsel "must be given a strong degree of deference." *Rhoades*, 852 F.3d at 432.

On habeas review, when a state court has adjudicated a claim of ineffective assistance of counsel on the merits, the petitioner bears an especially heavy burden. The question is not whether the state court's application of *Strickland* was incorrect, but rather whether it was unreasonable.

> The standards created by *Strickland* and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.

*Richter*, 562 U.S. at 105 (internal citations and quotation marks omitted). *See Trottie v. Stephens*, 720 F.3d 231, 240-41 (5th Cir. 2013) ("'even a strong case for relief does not

mean the state court's contrary conclusion was unreasonable'" (quoting *Richter,* 562 U.S. at 102)).

The Court now addresses each of Petitioner's four claims.

## A. Failure to Investigate and Adequately Present Infirmities in Smith's Prior Convictions (Claims 1 and 2)

Petitioner's first and second claims both center on trial counsel's alleged failure to adequately challenge Smith's 1983 robbery conviction in Cause No. 14,608. Smith maintains that the conviction in Cause No. 14,608 was void because he was not afforded counsel at a proceeding on March 26, 1987, at which the conditions of his probation were amended. He further argues that his aggravated robbery conviction in Cause No. 22,623 also was void because it was enhanced by the conviction in Cause No. 14,608.

In his first claim, Smith argues that trial counsel was constitutionally ineffective because counsel failed to conduct a thorough investigation of the information in the prosecution's file for Cause No. 14,608 (Dkt. 1, at 11-12). Although Smith acknowledges that trial counsel filed and argued a motion to quash, he appears to argue that trial counsel failed to uncover evidence from the State's file regarding which specific conditions of probation were amended on March 26, 1987 (Dkt. 1, at 11-12).[3] In his

---

[3] Petitioner apparently argues that "Condition Z" for intensive supervision had been added on March 26, 1987 but was not the basis for the subsequent revocation of his probation (*id*. at 11), and that trial counsel inadequately investigated materials in the State's file regarding the original terms of his probation. *See id*. at 11-12 ("It was this failure of counsel NOT conducting a thorough investigation that prevented counsel . . . from presenting mitigating evidence . . . [that] would have rebutted the State's evidence that the original probated conditions in cause # 14,608, was A through L"); *id*. at 12 (arguing that trial counsel failed to investigate and present evidence "which would have shown when Petitioner's probation was amended on March 26, 1987, at the summons hearing, the amendments were A through Z"). Smith also argues that trial

second claim, Smith argues that trial counsel failed to adequately research the enhancement issue, did not call witnesses in support of his motion to quash the enhancement,[4] failed to offer exhibits other than the seven exhibits attached to the motion, and failed to cite additional legal authority supporting the motion (*id*. at 13-15).

Smith presented these claims to the state habeas court (Dkt. 13-11, at 8-25; Dkt. 13-13, at 7-26). The state court determined that the State was "correct" when it argued that the conviction in Cause No. 22,623 was a valid enhancement, regardless of any infirmities with Cause No. 14,608, and that Petitioner had failed to demonstrate that his trial counsel was ineffective (Dkt. 13-11, at 82; Dkt. 13-13, at 71). *See* Dkt. 13-11, at 33 (State's filing in WR-24,130-02); Dkt. 13-13, at 32 (State's filing in WR-24,130-03).

In these proceedings, Smith fails to demonstrate that his counsel's performance was deficient, as required by *Strickland*'s first prong. For the reasons provided by the trial court (Dkt. 12-6, at 107-08), the appellate court (Dkt. 13-1, at 11), and the state habeas court (Dkt. 13-11, at 82; Dkt. 13-13, at 71), the motion to quash the enhancement lacked merit under Texas law.[5] Despite the unfavorable legal authorities, counsel made a

---

[4]  counsel failed to investigate and present evidence that Smith's additional prior conviction for forgery had a different conviction date than Smith's aggravated robbery conviction in Cause No. 22,623 (*id*.).

[4]  Smith argues that his trial counsel should have called witnesses including the probation officer, clerk, and judge from the proceedings in Cause No. 14,608 (*id*. at 15).

[5]  The State's briefing in state habeas proceedings relied on *Legg v. State*, in which the Texas Court of Criminal Appeals held that "because [a prior criminal case] was tried to the court and punishment was assessed by the court, it was not rendered void for enhancement purposes in this case, even though it was enhanced by a void prior conviction." *Legg v. State*, 594 S.W.2d 429, 433 (Tex. Crim. App. 1980) (citing *Ex Parte Lucky*, 571 S.W.2d 913 (Tex. Crim. App. 1978); *Ex Parte Williams*, 571 S.W.2d 26 (Tex. Crim. App. 1978)). Moreover, on direct appeal, the court stated that Smith had not demonstrated that the conviction in Cause No. 14,608 was in

robust argument on Smith's behalf, presenting a motion with seven exhibits and arguing the motion before the trial court. His representation of Smith did not fall "below an objective standard of reasonableness" as measured by prevailing professional norms. *See Rhoades*, 852 F.3d at 431-32.

To the extent Smith argues that trial counsel should have conducted additional investigation or research to support the motion to quash, his claim fails. As held in *Strickland*, "counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland*, 466 U.S. at 691; *see Newbury v. Stephens*, 756 F.3d 850, 873 (5th Cir. 2014); *Ransom v. Johnson*, 126 F.3d 716, 723 (5th Cir. 1997). "In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." *Strickland*, 466 U.S. at 691. Courts take into account factors including "whether counsel has reason to believe that pursuing certain investigations would be fruitless or even harmful; resource constraints; and whether the information that might be discovered would be of only collateral significance." *Hoffman v. Cain*, 752 F.3d 430, 440 (5th Cir. 2014) (internal quotation marks, citations, and footnotes omitted). To establish prejudice for failure to investigate, "a petitioner must allege with specificity what the investigation would have revealed and how it would have changed the outcome of the trial." *Miller v. Dretke*, 420

---

fact void (Dkt. 13-1, at 11; *see Ex Parte Douthit*, 232 S.W.3d 69, 72 (Tex. Crim. App. 2007) (under Texas law, a void conviction is one "in which the trial court lacked jurisdiction over the person or subject matter or in which the trial judge lacked qualification to act in any manner" (internal quotation marks and citation omitted))).

F.3d 356, 361 (5th Cir. 2005); *see Woodfox v. Cain*, 609 F.3d 774, 808 (5th Cir. 2010). In this case, given the Texas authority holding that the aggravated robbery conviction in Cause No. 22,623 was valid as an enhancement even if the robbery conviction in Cause No. 14,608 had been void, *see Legg*, 594 S.W.2d at 433, Petitioner has failed to show that additional investigation would have been fruitful and has failed to show prejudice. *See Hoffman*, 752 F.3d at 440; *Miller*, 420 F.3d at 361.

### B.      Failure to Request Continuance (Claim 3)

In his third claim, Smith claims that trial counsel was ineffective because he failed to file a motion for a continuance in order to investigate available impeachment evidence (Dkt. 1, at 16-18, 21-22).   Petitioner appears to argue that a continuance was necessary to obtain better audio and video recordings from the prosecution, including recordings from a 911 call and from the vehicle of the officer who arrested him (*id*. at 16-18).   He alleges that the information would have been useful in challenging the testimony of the arresting officer, among other uses (*id*. at 17-18).

Respondent argues that this claim is not fully exhausted and is procedurally defaulted.   *See* Dkt. 11, at 6 ("Though [Smith] did fault his attorney for failing to file a motion for continuance, he mentioned nothing about available impeachment evidence that his attorney failed to discover in his state writs").   Under the exhaustion doctrine, the AEDPA precludes federal relief on constitutional challenges that an inmate has raised for the first time in federal court. *See* 28 U.S.C. § 2254(b)(1). To comply with exhaustion, a petitioner must "fairly present his legal claim to the highest state court in a procedurally proper manner." *Nickleson v. Stephens*, 803 F.3d 748, 753 (5th Cir. 2015) (quotation

omitted). The federal claim "must be the substantial equivalent of the claim brought before the State court." *Young v. Davis*, 835 F.3d 520, 525 (5th Cir. 2016) (internal quotation marks and citation omitted). As a corollary to exhaustion, the federal procedural default doctrine requires inmates to litigate claims in compliance with state procedural law. *See Dretke v. Haley*, 541 U.S. 386, 392 (2004); *Coleman v. Thompson*, 501 U.S. 722, 729 (1991). If a petitioner with an unexhausted claim would be barred from returning to state court by Texas' abuse of the writ doctrine, TEX. CODE CRIM. PROC. art. 11.07 § 4, the claim is barred under the federal procedural default doctrine. *Young*, 835 F.3d at 525; *Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir. 1997). To overcome the default and obtain federal habeas review, a petitioner must demonstrate either "cause for the default and actual prejudice as a result of the alleged violation of federal law," or that "failure to consider the claims will result in a fundamental miscarriage of justice." *Williams v. Thaler*, 602 F.3d 291, 307 (5th Cir. 2010) (internal citations and quotation marks omitted).[6]

In his response, Smith maintains that he exhausted his claim because he "squarely presented" the substance to the state courts. *See* Dkt. 29, at 9 (Petitioner "presented two (2) habeas applications that counsel failed to file a motion for continuance to investigate evidence obtained the morning of trial"). Smith also argues that any lack of exhaustion is

---

[6]     The "fundamental miscarriage of justice" exception to procedural default is limited to cases in which a petitioner demonstrates that a constitutional violation has probably resulted in the conviction of one who is actually innocent. *Garza v. Stephens*, 738 F.3d 669, 675 n.3 (5th Cir. 2013). Smith has not asserted actual innocence.

due to the "failures" of the state habeas court to address the issue or to request an affidavit from trial counsel (*id.* at 9-10).

To the extent Smith's claim is unexhausted or partially unexhausted because it relies on potential impeachment evidence, the claim is procedurally defaulted. *See Young*, 835 F.3d at 525. Smith would be barred by the abuse of the writ doctrine, *see* TEX. CODE CRIM. PROC. art. 11.07 § 4, if he were now to present the claim to the Texas Court of Criminal Appeals. Smith has not argued either cause or prejudice sufficient to overcome the default and has not demonstrated that a fundamental miscarriage of justice. *See Williams*, 602 F.3d at 307.

Additionally, Smith does not demonstrate ineffective assistance of trial counsel under *Strickland* standards. Although Petitioner makes cursory allegations that he was prejudiced by trial counsel's failure to seek a continuance (Dkt. 1, at 17-18; Dkt. 29, at 26), he does not identify any specific information that might have been uncovered during additional investigation.[7] Because Smith does not identify any evidence that would have altered the outcome of his trial, his claim fails under *Strickland*. *See Rhoades*, 852 F.3d at 432; *Hoffman*, 752 F.3d at 440; *Miller*, 420 F.3d at 361.

## C.     Failure to Challenge State's Evidence (Claim 4)

In his fourth claim, Smith claims that trial counsel was ineffective because he failed to subject the prosecution's case to meaningful adversarial testing when he allowed the prosecutors to "present a meritorious defense and commit a *Brady* violation" (Dkt. 1,

---

[7]     Smith asserts that trial counsel should have obtained the 911 call and other recordings (Dkt. 1, at 17-18; Dkt. 29, at 26), but does not explain what information these recordings would have yielded or how the information would have impacted the trial.

at 19-22; Dkt. 29, at 27-31). Smith does not clearly identify the defense on which his claim relies, although he makes multiple arguments about the enhancement of his conviction. Smith also does not identify the particular *Brady* violation or *Brady* material on which his claim relies (Dkt. 1, at 21; Dkt. 29, at 28). *See Brady v. Maryland*, 373 U.S. 83 (1963).

Respondent argues that this claim is not fully exhausted and is procedurally defaulted because, "though Smith argued that his attorney failed to subject his case to meaningful adversarial testing [in his] state writ, he did not blame his attorney for the prosecutor's meritorious defense or allege that his attorney allowed the prosecutor to commit a *Brady* violation" (Dkt. 11, at 6-7). Smith maintains that he exhausted his claim because he presented the substance to the state courts but does not make any specific argument identifying the "meritorious defense" or *Brady* material (Dkt. 29, at 9-10).

As with Smith's third claim, this claim is procedurally defaulted to the extent Smith failed to exhaust the claim in state habeas proceedings. *See Young*, 835 F.3d at 525; Tex. Code Crim. Proc. art. 11.07 § 4. Smith has not argued either cause or prejudice sufficient to overcome the default and has not demonstrated that a fundamental miscarriage of justice. *See Williams*, 602 F.3d at 307. In any event, assuming that Smith's federal claim adheres to his state habeas claim regarding counsel's failure to adequately challenge the State's case, Smith has not demonstrated that he is entitled to relief. As held above regarding Petitioner's first two claims, his *Strickland* claim based on trial counsel's unsuccessful attempt to challenge the enhancement fails because counsel did not render deficient performance. Furthermore, Smith has failed to

demonstrate prejudice under *Strickland* because he does not identify any additional information trial counsel might have uncovered, whether unspecified *Brady* material or otherwise, that would have altered the outcome of his trial. *See Rhoades*, 852 F.3d at 432; *Hoffman*, 752 F.3d at 440; *Miller*, 420 F.3d at 361. His ineffective assistance of counsel claim therefore lacks merit.

### D. Conclusion

For all of the reasons above, Petitioner has not demonstrated that the state habeas court's denials of his claims for ineffective assistance of trial counsel were contrary to or an unreasonable application of clearly established law, nor has he demonstrated an unreasonable application of the law to the facts. *See* 28 U.S.C. § 2254(d). His federal habeas petition therefore will be dismissed. In addition, his request for an evidentiary hearing on his ineffective assistance claims (Dkt. 28) will be denied.[8]

## IV. <u>CERTIFICATE OF APPEALABILITY</u>

Habeas corpus actions under 28 U.S.C. § 2254 or § 2255 require a certificate of appealability to proceed on appeal. 28 U.S.C. § 2253(c)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.

---

[8]     To the extent Petitioner's additional filings (Dkt. 30, Dkt. 31, Dkt. 32, Dkt. 38, Dkt. 39) request leave to bring a new habeas claim under the Due Process Clause regarding a "false impression" at trial about the vehicle involved in the offense, the Court denies the request. Any such claim would be unexhausted and barred under the procedural default doctrine, and Petitioner's filings do not demonstrate actual prejudice from the alleged false impression. *See* 28 U.S.C. § 2254(b)(1); *Young*, 835 F.3d at 525; *Williams*, 602 F.3d at 307.

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "'that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (internal citation and quotation marks omitted). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the record and the applicable law, the Court concludes that reasonable jurists would not find its assessment of the claims debatable or wrong. Because the petitioner does not allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

## V.    <u>CONCLUSION</u>

For the reasons stated above the Court **ORDERS** that:

1.    The petition for a writ of habeas corpus (Dkt. 1) is **DISMISSED**.

2.      Petitioner's request for an evidentiary hearing (Dkt. 28) is **DENIED**.

3.      A certificate of appealability is **DENIED**.

The Clerk will provide a copy of this order to the parties.

SIGNED at Galveston, Texas, this 28th day of March, 2019.

George C. Hanks Jr.
United States District Judge